UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
EMAD MOUSTAPHA,                                              :

                                    Plaintiff,               :     **MEMORANDUM**
                                                                   **DECISION AND ORDER**
                                                             :

                    **-** against **-**                      :     18-CV-07365 (AMD)

**COMMISSIONER OF SOCIAL**                                   :
**SECURITY,**                                                :

                                    Defendant.               :
-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

        The plaintiff appeals the Commissioner of Social Security's decision that he is not

disabled for purposes of receiving disability insurance benefits ("DIB") and Supplemental

Security Income ("SSI") payments under Titles II and XVI of the Social Security Act.  For the

reasons that follow, I conclude that the ALJ's determination that the plaintiff was not disabled is

supported by substantial evidence in the record.  Accordingly, I grant the Commissioner's

motion on the pleadings, and the case is dismissed.

                                    **BACKGROUND**

        The plaintiff, a former cab driver, began feeling sharp pain in his lower back over a

decade ago.  (Tr. 38.)  The pain did not improve with physical therapy and other conservative

treatment, and he developed other conditions that made it difficult for him to work, including an

ulcer and an enlarged prostate.  (Tr. 449.)  He started to work part-time because he needed to

take breaks to "stand up[] and stretch."  (Tr. 104.)  Because of his enlarged prostate, he also

needed to take frequent breaks from driving throughout the day.  (*Id.*)

        On May 22, 2012, he filed an application for SSI and DIB with an onset date beginning

that day, alleging disability due to lower back pain, a stomach ulcer and an enlarged prostate.

(Tr. 95, 286-88, 302-06, 449.)  The plaintiff's request for SSI and DBI was denied.  (Tr. 122-24.)

Administrative Law Judge ("ALJ") Margaret Donaghy held a hearing on December 19, 2013, at

which a vocational expert and the plaintiff, represented by a lawyer, testified.  (Tr. 28-60.)  In a

March 27, 2014 decision, the ALJ partially granted and partially denied the plaintiff's claim.

ALJ Donaghy found that the plaintiff was disabled beginning January 1, 2013 and had the

residual functional capacity to perform sedentary work, with some limitations.  (Tr. 101-08.)

On June 17, 2016, the Appeals Council remanded *sua sponte* after reviewing the

plaintiff's earnings during the relevant period, which demonstrated that the plaintiff "engaged in

substantial gainful activity" during the period he claimed to have been disabled.  (Tr. 116-17,

189-193.)   The Appeals Council asked the ALJ to "reassess the claimant's disability status" in

light of his work activity.  (Tr. 117.)  On June 14, 2017, ALJ Janet McEneaney held a second

hearing at which a vocational expert and the plaintiff, represented by counsel, testified.  (Tr. 61-

94.)  In a December 4, 2017 decision, the ALJ found that the plaintiff was not disabled.  (Tr. 10-

20.)  ALJ McEneaney concluded that the plaintiff had bilateral S1 radiculopathy, bilateral

peripheral neuropathy in his lower extremities and degenerative changes in the lumbar spine; she

found that his enlarged prostate, ulcers and gastritis issues did not qualify as severe impairments.

(Tr. 13.)  The plaintiff was not disabled because, the ALJ found, he had worked as a taxi driver

during the relevant period, and because his statements about the frequency and severity of his

symptoms were inconsistent with the medical record.  (Tr. 13-20.)

On November 6, 2018, the Appeals Council denied the plaintiff's request for review.  (Tr.

1-4.)  The plaintiff appealed *pro se* on December 20, 2018.  (ECF No. 1.)  The government

moved for judgment on the pleadings; the plaintiff filed a *pro se* affirmation in opposition.  (ECF

Nos. 12-13, 16.)

**DISCUSSION**

A district court reviewing the Commissioner's final decision is limited to determining "whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue,* 697 F.3d 145, 151 (2d Cir. 2012) (quoting *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009)). The Court must uphold the Commissioner's factual findings if there is substantial evidence in the record to support them. 42 U.S.C. § 405(g). "Substantial evidence is 'more than a mere scintilla' and 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greek v. Colvin,* 802 F.3d 370, 375 (2d Cir. 2015) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The substantial evidence standard is "very deferential" and the Commissioner's factual findings must be upheld unless "a reasonable factfinder would have to conclude otherwise." *Brault v. Soc. Sec. Admin., Comm'r,* 683 F.3d 443, 448 (2d Cir. 2012) (citation omitted). The district court may not substitute its own judgment for the ALJ's, "even if it might justifiably have reached a different result upon a *de novo* review." *Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir. 1991) (citations omitted).

The plaintiff disputes ALJ McEneaney's decision that he had the residual functional capacity to work as a taxi driver and otherwise perform "medium" work. (ECF No. 16.) He also challenges the ALJ's decision to give limited weight to the opinion of his physical therapist, Dr. Gamal Mousa. (*Id*.) Because the plaintiff is proceeding *pro se*, his complaint is held to less stringent standards than pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). I read the plaintiff's *pro se* complaint and affirmation liberally, and interpret them to raise the strongest arguments they suggest. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). After reviewing

the record, I conclude that the ALJ's decision to deny the plaintiff's application is supported by substantial evidence, and that remand is not warranted.

The ALJ must assess a plaintiff's residual functional capacity "based on all the relevant evidence in the case record." *Colegrove v. Comm'r of Soc. Sec.*, 399 F. Supp. 2d 185, 192 (W.D.N.Y. 2005) (citing 20 C.F.R. § 416.945(a)(1)); *see also* Tr. 12 ("In making this finding, I must consider all of the claimant's impairments, including impairments that are not severe[.]"). The assessment must "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Martinez v. Colvin*, 286 F. Supp. 3d 539, 544 (W.D.N.Y. 2017) (citation and quotation omitted).

The ALJ concluded that the plaintiff's treatment records, testimony and daily activities supported an RFC of "medium" work with no restrictions. (Tr. 14-18.) She determined that the plaintiff had bilateral S1 radiculopathy, bilateral peripheral neuropathy in his lower extremities and degenerative changes in his lumbar spine.[1] While the plaintiff's "medically determinable impairments could reasonably be expected to produce" the back and foot pain the plaintiff described, ALJ McEneaney concluded that his claims about the "intensity, persistence and limiting effects of these symptoms" were not consistent with his treatment history or with the record as a whole. (Tr. 15.) For example, MRI imaging of the plaintiff's spine "revealed only minimal lumbar spondylosis" with no evidence of stenosis; his gait and range of motion were otherwise normal. (Tr. 15-16.) Treatment for his pain was limited to physical therapy, although he testified that he had received nerve block injections in the past. (Tr. 16.) Throughout the

---

[1] None of his conditions met the requirements for the regulation-listed impairments. (Tr. 13.)

relevant period, treatment notes reflect that medical professionals overwhelmingly assessed his strength, neurological, extremity and gait findings as "normal" or "mostly normal." (Tr. 16.)

The plaintiff claims that the ALJ "did not provide a written rationale for [her] conclusion" that he could continue working as a taxi driver. (ECF No. 16 ¶ 13.) On the contrary, the ALJ exhaustively documented the basis for her findings. As the plaintiff's medical history made clear, he could do more than he described, and his symptoms were not as intense, persistent or limiting as he claimed. The ALJ also took into account what the plaintiff was able to do on a daily basis. He could use public transportation independently and drive; in fact, he drove a taxi throughout much of the relevant period. (Tr. 66-80, 74-75.); *see* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); *see also Lamorey v. Barnhart*, 158 F. App'x 361, 363 (2d Cir. 2006) (summary order) ("[S]ubstantial evidence of routine activities" properly found to be inconsistent with claims of total disability); *Poupore v. Astrue*, 566 F.3d 303, 307 (2d Cir. 2009) (ALJ properly found the claimant's alleged limitations were inconsistent with the claimant's reported activities). Her conclusion was also supported by the vocational expert's testimony that the plaintiff's work as a taxi driver qualified as medium work. (Tr. 89.)[2] Given this medical record and the plaintiff's daily level of activity, the ALJ's conclusion that the plaintiff had the residual functional capacity for medium levels of work, including his former employment as a taxi driver, was supported by substantial evidence.

Nor does the ALJ's evaluation of the physical therapist's opinion provide a basis for remand. After a doctor prescribed between one and three sessions of physical therapy a week,

---

[2] An ALJ may rely on testimony from a vocational expert to determine whether a claimant has the ability to perform his past work. *See Heagney-O'Hara v. Comm'r of Soc. Sec.*, 646 Fed. App'x 123, 127 (2d Cir. 2016) (summary order); *see also* 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2) (claimant is not disabled if he can perform past work either as actually or generally performed); *Jasinski v. Barnhart*, 341 F.3d 182, 185 (2d Cir. 2003) ("the claimant has the burden to show an inability to return to her previous specific job and an inability to perform her past relevant work generally").

5

the plaintiff started seeing physical therapist Gamal Mousa in April of 2014. (Tr. 967-71.) Dr. Mousa wrote in a report that the plaintiff had "pain and spasm of the lower back muscles" and could participate in "limited work activities and activities of daily living." (Tr. 882.) While the plaintiff's condition "improved temporarily," he needed to continue physical therapy because of an "increase in symptoms as he stops treatment" (Tr. 968), symptoms that included "pain, spasm, easy fatigability, difficulty in activit[ies] of daily living and work[-]related activities[.]" (Tr. 967.) Dr. Mousa completed a residual functional capacity questionnaire in which he concluded that the plaintiff's levels of pain would "frequently" interfere with the "attention and concentration needed to perform even simple work tasks" and that the plaintiff could not engage in "even 'low stress' jobs." (Tr. 968.) ALJ McEneaney gave Dr. Mousa's opinion "limited weight" because his opinions about the plaintiff's ability and residual functional capacity were not consistent with the plaintiff's daily activities or the medical record. (Tr. 17-18.)

Because a physical therapist is not an "acceptable medical source," the ALJ was not required to give Dr. Mousa's opinion any weight. 20 C.F.R. § 404.1513(a)(2); *see also Acevedo v. Colvin,* 20 F. Supp. 3d 377, 389 (W.D.N.Y. 2014). "Nonetheless, a physical therapist is an 'other source' whose opinion the ALJ may consider regarding the severity of a claimant's impairment and how it affects the claimant's ability to work." *Sixberry v. Colvin,* No. 7:12-CV-1231, 2013 WL 5310209, at *8 (N.D.N.Y. Sept. 20, 2013); *see Acevedo*, 20 F. Supp. 3d at 388. When reviewing the opinion of a treating source, "the adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." SSR 06-03p, 2006 WL 2329939, at *6 (S.S.A. Aug. 9, 2006).

The ALJ cited substantial evidence in the record to support her conclusions about the weight she assigned to Dr. Mousa's opinion and to the opinion of each doctor who treated the plaintiff during the relevant period. She gave Dr. Mousa's opinion limited weight because it was neither well-supported nor consistent with other substantial evidence in the record. As the ALJ discussed in detail, Dr. Mousa's assessment of the plaintiff's RFC was an outlier unsupported by any other objective medical evidence in the record.[3] It was also inconsistent with Dr. Mousa's own findings during the time he treated the plaintiff, including his finding that the plaintiff had largely normal gait, strength and extremity findings. (Tr. 967-70, 1023, 1027-40.) Even when the plaintiff had limited range of motion, Dr. Mousa said he had good rehabilitation potential and that his symptoms got worse only when he stopped attending physical therapy. (Tr. 968.) That the plaintiff's testimony and Dr. Mousa's findings might have conflicted with the ALJ's decision is irrelevant. "[W]hether there is substantial evidence supporting [the plaintiff's] view is not the question here; rather, [the C]ourt must decide whether substantial evidence supports *the ALJ's decision*." *Bonet ex. rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original). Accordingly, there is substantial evidence in the record to support the ALJ's residual functional capacity findings.

---

[3] It is also unclear the extent to which the questionnaire is "more than a doctor's recording of [the claimant]'s own reports of pain." *Polynice v. Colvin*, 576 F. App'x 28, 31 (2d Cir. 2014).

**CONCLUSION**

The ALJ's determination is supported by substantial evidence in the record.

Accordingly, the Commissioner's motion for judgment on the pleadings is granted.

**SO ORDERED.**

s/Ann M. Donnelly

_____

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      March 30, 2020